IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRI L. COLEMAN-NAPPER, individually and as Special Administrator and Administrator of the Estate of TOSHORN D. NAPPER, JR., <br><br> Plaintiff, <br><br> v. <br><br> CKEM, INC., d/b/a TINY'S PUB & GRILL, *et al.*, <br><br> Defendants. | Case No. 3:21-CV-1701-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendant Ashley Roever, a former police officer with the City of Alton Police Department.[1] (Doc. 87). Plaintiff Terri Coleman-Napper filed a response in opposition. (Doc. 100). For the reasons set forth below, Roever's motion is granted.

### FACTUAL BACKGROUND

The following facts are reflected in Coleman-Napper's Amended Complaint (Doc. 55), and the Court accepts them as true in considering the motion to dismiss. On November 13, 2020, Defendant Ashley Roever, who at the time was an officer with the City of Alton Police Department, consumed numerous alcoholic beverages at Tiny's Pub

---

[1] Although Roever's motion references Rule 12(b)(6) in its title, the substance of the motion discusses dismissal pursuant to Rule 12(c). Therefore, the Court will evaluate the motion under Rule 12(c).

& Grill in Columbia, Illinois. (*Id.* at ¶ 23). She left Tiny's between 12:30 a.m. and 1 a.m. and headed toward Good Times Saloon in Dupo, Illinois. (*Id.* at ¶ 25).

Around 1:10 a.m. on November 14, 2020, officers from the Dupo Police Department and/or the East Carondelet Police Department received a call from dispatch indicating a black SUV matching the description of Roever's vehicle and license plate number had been driving erratically, and observers believed she was driving while intoxicated. (*Id.* at ¶ 26). Just four minutes later, Defendant Cameron Cleveland, a patrolman with the Dupo Police Department, observed Roever cross the center line dividing the lanes of traffic and pulled her over. (*Id.* at ¶ 28). Roever told Cleveland she had been drinking and texting while driving. (*Id.* at ¶ 30). She also said she was going to meet friends at the Good Times Saloon. (*Id.*). Cleveland, along with three other officers, did not perform any field sobriety tests despite Roever's admission that she had been drinking. (*Id.* at ¶ 32). They then directed a sober bar patron to move Roever's vehicle to the parking lot of Good Times Saloon. (*Id.*). The officers allowed Roever to go into the Good Times Saloon without citing her or ensuring she would not be driving after leaving the bar. (*Id.* at ¶ 35).

Roever continued to consume additional alcoholic beverages at the Good Times Saloon before leaving in her vehicle. (*Id.* at ¶ 37). At 2:05 a.m., Roever collided with a vehicle, killing Toshorn Napper, Jr. (*Id.*). Roever had a blood alcohol level of more than three times the legal limit at the time of the collision. (*Id.* at ¶ 38).

On November 12, 2021, Coleman-Napper filed a complaint in the Circuit Court of St. Clair County, Illinois. The case was removed to this Court on December 16, 2021

(Doc. 1), and the Amended Complaint was filed on April 21, 2022 (Doc. 55). Coleman-Napper alleges one count against Roever for violation of the decedent's civil rights under 42 U.S.C. § 1983 (Count 13).

Roever now moves the Court for dismissal of that claim, arguing that on September 10, 2021, prior to the initiation of this lawsuit, Coleman-Napper agreed to settle with her. (Doc. 87 at p. 11). Thereafter, a Release and Indemnity Agreement ("Release") was signed by Coleman-Napper. (Doc. 87 at p. 12). Coleman-Napper has received and deposited the settlement funds. (Doc. 87 at p. 13). In light of the settlement, Roever argues, Coleman-Napper's claims against Roever are barred.

In response, Coleman-Napper argues she is suing Roever in her official capacity, which is, effectively, a claim against the City of Alton Police Department, the City of Alton, and any applicable insurance company. (Doc. 100). Because the Release permits Coleman-Napper to sue Roever's "assigns, and all other persons and organizations who are or might be liable," it is ambiguous with regard to official capacity claims. Thus, the claim against Roever should not be dismissed.

## LEGAL STANDARD

The proper vehicle for determining an affirmative defense on the pleadings is a motion for judgment on the pleadings under Rule 12(c). *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). Accordingly, a court must determine whether the complaint "states a claim to relief that is plausible on its face. *Id.* (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, the court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Taylor v. JPMorgan Chase Bank*, 958 F.3d 556, 562 (7th Cir. 2020).

## DISCUSSION

It is undisputed that Coleman-Napper executed the Release with Roever's personal automobile insurer, American Family Insurance Company, which memorializes an agreement between the parties to "fully and forever release and discharge Ashley Roever … for all damages [Plaintiff] sustained as the result of an accident which occurred on or about 11/14/2020." (Doc. 87 at p. 12). Roever asserts this language clearly and unambiguously releases her from any further liability for the accident. She further argues that the language is not qualified in any way, it was agreed upon by Coleman-Napper with the advice of counsel, and it leaves no room for Coleman-Napper to pursue any claim against Roever in her professional capacity. If Coleman-Napper wanted to pursue any claim against Roever in her professional capacity, she could have requested that any Section 1983 civil rights claim be preserved and segregated from the settlement.

In response, Coleman-Napper argues that the Release is ambiguous as to claims made against Roever in her professional capacity. Because her claim against Roever in her professional capacity is actually a claim against the City of Alton, the City of Alton Police Department, and its applicable insurers, the Release is ambiguous and the Court should look to the intent of the parties to determine the scope of the release. In support of her intent argument, Coleman-Napper notes that the Release was prepared by Roever's personal automobile insurance company and executed by Coleman-Napper in

the context of settling her claims for Roever's negligent operation of her vehicle under her personal automobile liability policy. This ambiguity, she argues, should prevent dismissal of her official capacity claim.

"A court's job in construing a negotiated release under Illinois law is to determine what the parties intended." *Engineered Abrasives, Inc. v. Am. Mach. Prod. & Serv., Inc.*, 882 F.3d 650, 653 (7th Cir. 2018). "Courts look to the language of the settlement agreement to determine the parties' intent unless the agreement is ambiguous." *Id.* In determining the parties' intent, "Illinois courts generally disfavor a reading to which a reasonable person would be unlikely to have agreed." *Id.* (citing *Bank of Commerce v. Hoffman*, 829 F.3d 542, 548 (7th Cir. 2016)). Nevertheless, a court cannot rewrite a release to make it more favorable; "if the agreement is unambiguous, '[a] unilateral or self-induced mistake is not a valid ground for setting aside a clear and unambiguous release.'" *Id.* (*quoting Rakowski v. Lucente*, 472 N.E.2d 791, 794 (1984)).

Here, the Court finds no ambiguity in the Release as written. Coleman-Napper expressly released and discharged Ashley Roever from all claims for all damages sustained as a result of the accident that occurred on November 14, 2020. (Doc. 87 at p. 12). Coleman-Napper further agreed that "[b]y executing this release, I intend and agree that this release applies to all of my claims directly or indirectly from said accident, present and future, including, but not limited to, damage to or destruction of property; claims for known or unknown injuries, developments, consequences and permanency of those injuries; and there is no misunderstanding in this regard." (*Id.*). Coleman-Napper also expressly removed the language discharging Roever's "assigns, and all other persons and

organizations who are or might be liable." (*Id.*). If Coleman-Napper wanted to also reserve the right to pursue a professional capacity claim against Roever, that intent is not expressed in the unambiguous language of the Release.

Even if the contract were ambiguous, the Court would still find dismissal of the official capacity claim against Roever to be proper. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* For that reason, district courts routinely dismiss claims against officers in their official capacity where the government entity is also named as a defendant because such claims are redundant and unnecessary. *See Michael M. v. Board of Educ. of Evanston Tp. High School Dist. No. 202*, 2009 WL 2258982, at *2 (N.D. Ill. July 29, 2009); *Cruz v. Dart*, 2012 WL 5512275, at *7 (N.D. Ill. Nov. 13, 2012); *Comsys, Inc. v. City of Kenosha Wisconsin*, 223 F. Supp. 3d 792, 802 (E.D. Wis. 2016).

Here, Coleman-Napper acknowledges her claim against Roever is really a claim against the City of Alton, which is already a defendant in the case. To the extent Coleman-Napper contends her claim is against the City of Alton Police Department, which is not a named defendant, "a police department is not a suable entity apart from the city which operates it." *Burgess v. Alton Police Dep't*, No. 14-CV-57-MJR, 2014 WL 552074, at *3 (S.D. Ill. Feb. 12, 2014) (citing *West By and Through Norris v. Waymire*, 114 F.3d 646, 646–47 (7th

Cir. 1997)). Coleman-Napper also implies that her claim is actually against the City of Alton's insurance company, but an insurance company does not act under color of state law and, therefore, is not a proper defendant in a Section 1983 action. Thus, the Court finds that Coleman-Napper's claim lies solely against the City of Alton, which is a named defendant. Her official capacity claim against Roever is therefore redundant and requires dismissal.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendant Ashley Roever. (Doc. 87). The Clerk of Court is **DIRECTED** to terminate Roever as a party to this action and enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

DATED: October 17, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**